UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CALVIN PIRTLE,

        Plaintiff,

  v.                                          Case No. 19-C-1078

DAVE BROOKS,
A. DEGROOT,
S. SCHUELER,
EMILY DAVIDSON,
MARKEE, and
W. POLLARD,

        Defendants.

## SCREENING ORDER

Plaintiff Calvin Pirtle, who is currently serving a state prison sentence at Green Bay Correctional Institution (GBCI) and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $6.06. Accordingly, Plaintiff's motion for leave to proceed without prepayment of the filing fee is granted.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff is a Muslim and, in accordance with his religious beliefs, cannot consume any pork products. Plaintiff claims Dave Brooks, GBCI's food service manager, got approval to serve pork for certain meals from Warden S. Schueler after the dietician stated the menu otherwise met all nutritional requirements if an inmate decided not to eat the pork. Plaintiff filed an inmate complaint, but the complaint was dismissed by DeGroot, reasoning that the menu did not violate

2

the code. Plaintiff appealed, and Corrections Complaint Examiner Emily Davidson concurred with DeGroot's decision. Secretary of Office Cindy O'Donnell affirmed Plaintiff's complaint. O'Donnell noted that the Department of Corrections Pork Policy required that "when pork is served on the noon or evening menus, a hearty soup, peanut butter, cheese or other protein item will" also be on the menu and found that GBCI did not provide these alternatives. Dkt. No. 1 at 4. Plaintiff does not allege that he received a meal containing pork while this meal plan was in place.

On May 13, 2019, Plaintiff received his breakfast bag and began eating his cereal. Plaintiff soon realized that the cereal contained gelatin, stopped eating the cereal, and reported his concerns to staff. The next day, Plaintiff told Sergeant Kent that his cereal contained gelatin. Sergeant Kent called the kitchen, and Dave Brooks, GBCI's food service manager, advised that the gelatin does not contain pork and that the inmates will only get the food contained in the breakfast bag. Plaintiff wrote an inmate complaint about being served products that contain pork. The complaint was dismissed because Markee stated that the cereal did not contain gelatin.

## THE COURT'S ANALYSIS

Plaintiff alleges that Brooks and Schueler's failure to comply with the Department of Corrections' Pork Policy violated his First Amendment rights. He seeks compensatory and punitive damages. The Free Exercise Clause of the First Amendment forbids prison officials from imposing a substantial burden on the free exercise of religion, unless the burden is reasonably related to a legitimate penological interest. *See Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013). Although prisoners enjoy a right to exercise their religion under the First Amendment, that right is "subject to limits appropriate to the nature of prison life." *Vinning–El v. Evans*, 657 F.3d 591, 592–93 (7th Cir. 2011). "A prison policy of either actually or constructively denying a pork-free diet to Muslim

inmates violates their First Amendment rights." *Johnson-Bey v. Indiana Dep't of Corrs.*, 668 F. Supp. 2d 1122, 1128 (N.D. Ind. 2009) (citing *Hunafa v. Murphy*, 907 F.2d 46 (7th Cir. 1990)).

In this case, Plaintiff claims that Brooks and Schueler implemented a menu that did not comply with the Department of Corrections' Pork Policy. But the complaint does not contain any allegations that Plaintiff received a meal that contained pork while the menu was in place. Plaintiff also claims that, on one occasion, he received a breakfast bag that contained gelatin even though GBCI's policy required that staff provide Muslim inmates with a diet that comports with their religion. *See* Dkt. No. 1 at 4 (noting that the Department of Corrections Pork Policy requires that, "when pork is served on the noon or evening menus, a hearty soup, peanut butter, cheese or other protein item will be also menued"). A single instance of being fed pork does not violate an inmate's First Amendment right to freedom of religion. "While being provided with diet trays containing pork for one meal . . . may have annoyed and inconvenienced [Plaintiff], this isolated negligent act" cannot support a claim that Plaintiff was denied his First Amendment right to freedom of religion. *Johnson-Bey*, 668 F. Supp. 2d at 1129 ("Negligence generally states no claim upon which relief can be granted in a section 1983 action."); *see also Johnson v. Varano*, No. 714 C.D. 2010, 2011 WL 10843816, at *6 (Pa. Commw. Ct. Mar. 9, 2011) ("[A] single incident of being inadvertently served pork does not deprive a Muslim of the right to the free exercise of his faith."). Accordingly, Plaintiff has failed to state a First Amendment claim against Brooks and Schueler.

Plaintiff has also asserted claims against Markee, DeGroot, and Davidson for denying his grievances. A complaint examiner shows deliberate indifference when he refuses to do his job or "routinely sends grievances to the shredder without reading them." *Burks v. Rasmisch*, 555 F.3d 592, 595–96 (7th Cir. 2009). A complaint examiner is not liable under § 1983 for merely recommending that an inmate complaint be dismissed. *See id.* In other words, recommending the

4

denial of a complaint does not amount to deliberate indifference absent other malicious acts. Even if Plaintiff disagrees with the outcome of his grievances, he has not alleged that the complaint examiners acted maliciously in denying his grievances. Accordingly, Markee, DeGroot, and Davidson will be dismissed from this action. Defendant Pollard will also be dismissed as a defendant in this action because the complaint does not contain any allegations against him.

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for an order directing GBCI to release the initial partial filing fee (Dkt. No. 8) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $343.94 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff

is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

Dated at Green Bay, Wisconsin this  16th  day of September, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

---

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.