UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CALVIN J. PIRTLE,

        Plaintiff,

  v.                                                                       Case No. 19-C-1078

DAVE BROOKS, et al.,

        Defendants.

## DECISION AND ORDER GRANTING MOTION FOR RECONSIDERATION AND MOTION TO AMEND THE COMPLAINT

Plaintiff Calvin J. Pirtle filed this *pro se* action under 42 U.S.C. § 1983, alleging that his civil rights were violated. On September 16, 2019, the court entered a screening order of dismissal, finding that Plaintiff failed to state a claim upon which relief could be granted. On October 4, 2019, Plaintiff filed a motion to alter or amend the judgment and for leave to file an amended complaint. In the proposed amended complaint, Plaintiff added new details related to his claims that were not included in his initial complaint. A review of the proposed amended complaint shows that Plaintiff has stated a claim against the defendants. The court will grant Plaintiff's motion, vacate the judgment, and screen the amended complaint.

### SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff is a practicing Muslim and, in accordance with his religious beliefs, cannot consume any pork products. On November 10, 2018, Plaintiff requested a substitution for pork chops in accordance with the institution's policy, but his request was denied. Plaintiff alleges that Dave Brooks recieved approval from S. Schueler to serve Plaintiff pork chops. Plaintiff ate the pork chop tray, having to choose between his religious beliefs and being hungry. Plaintiff filed an inmate complaint, which was ultimately affirmed. On May 13, 2019, Plaintiff was misled into eating cereal that contained a pork product. Plaintiff claims Dave Brooks sent six bags of cereal containing pork to Plaintiff's dorm knowing Plaintiff would receive one of the bags in retaliation for filing his inmate complaints. Once Plaintiff realized the cereal contained a pork product, he alerted staff and

2

wrote an inmate complaint. Markee, a food service supervisor, stated that he reviewed the ingredients of the cereal and concluded the cereal does not contain gelatin. Plaintiff's complaint was dismissed by Pollard based on Markee's statement. Plaintiff appealed the complaint and alleges that Markee lied to the inmate complaint examiner to cover up the retaliation. The complaint was affirmed because the examiner concluded that Marshmallow Matey's did contain pork-based gelatin.

### THE COURT'S ANALYSIS

Plaintiff claims Brooks and Schueler violated his First Amendment right to freedom of religion and his Fourteenth Amendment equal protection rights by serving him meals that did not satisfy the requirements of his Muslim faith. Under the First Amendment, prisoners "retain the right to practice their religion to the extent that such practice is compatible with the legitimate penological demands of the state." *Al-Alamin v. Gramley*, 926 F.2d 680, 686 (7th Cir. 1991). The equal protection clause of the Fourteenth Amendment prohibits discrimination and requires the evenhanded treatment of all religions. *See id.* ("Prisons cannot discriminate against a particular religion. The rights of inmates belonging to minority or non-traditional religions must be respected to the same degree as the rights of those belonging to larger and more traditional denominations."). Plaintiff's allegations are sufficient at this stage to state First and Fourteenth Amendment claims against Brooks and Schueler.

Plaintiff also claims Brooks gave him cereal that contained pork-based gelatin in retaliation of his inmate complaints. To sufficiently plead a retaliation claim, Plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at

3

least a motivating factor' in the Defendants' decision to take retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). At this stage, Plaintiff has sufficiently pled a retaliation claim against Brooks.

Finally, Plaintiff claims Markee and Pollard signed off on the denial of Plaintiff's inmate complaint to cover up the fact that Brooks retaliated against Plaintiff by providing him cereal that contained pork product. In order to establish a civil conspiracy claim, the plaintiff "must show that an actual conspiracy existed (in other words, that people agreed to injure him), that its purpose was to deprive [the plaintiff] of his constitutional rights, that an act was committed in furtherance of the conspiracy, and that he was injured." *Alexander v. City of South Bend*, 433 F.3d 550, 556–57 (7th Cir. 2006) (citing *Green v. Benden*, 281 F.3d 661, 665 (7th Cir. 2002)). The amended complaint does not contain any factual allegations from which it could be plausibly inferred that a conspiracy existed to hide Brooks' retaliatory acts. Accordingly, Plaintiff's claims against Markee and Pollard will be dismissed. The court finds that Plaintiff may proceed on his First and Fourteenth Amendment claims against Brooks and Schueler as well as his retaliation claim against Brooks.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to alter or amend judgment and motion to file an amended complaint (Dkt. No. 11) are **GRANTED**. The September 16, 2019 screening order and judgment are **VACATED**. The Clerk is directed to detach and e-file Plaintiff's amended complaint (Dkt. No. 11-1).

**IT IS FURTHER ORDERED** that Markee and Pollard are **DISMISSED** as defendants.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Plaintiff's complaint and this order are

being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, Defendants Brooks and Schueler shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If Plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this   8th   day of October, 2019.

s/ William C. Griesbach<br>
William C. Griesbach, Chief Judge<br>
United States District Court