UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CALVIN J. PIRTLE,

        Plaintiff,

      v.                                                  Case No. 19-C-1078

DAVE BROOKS and
STEVE SCHUELER,

        Defendants.

## ORDER GRANTING DEFENDANTS' MOTION
## FOR PARTIAL SUMMARY JUDGMENT

      Plaintiff Calvin J. Pirtle, a Muslim inmate, who is serving a state prison sentence at Green Bay Correctional Institution and representing himself, filed this action alleging that Defendants Dave Brooks and Steve Schueler violated his constitutional rights. In particular, Pirtle asserts that Brooks and Schueler violated his First Amendment right to freedom of religion and his Fourteenth Amendment equal protection rights by serving him meals containing pork that did not satisfy the requirements of his Muslim faith and that Brooks served him cereal that contained pork-based gelatin in retaliation of his inmate complaints. This matter comes before the court on Defendants' motion for partial summary judgment on exhaustion grounds. Defendants assert that Pirtle's retaliation claim must be dismissed because he has failed to exhaust his administrative remedies for that claim. For the reasons that follow, I find that Pirtle has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA). Therefore, Defendants' motion for partial summary judgment will be granted and Pirtle's retaliation claim against Brooks will be dismissed.

**BACKGROUND**[1]

On May 13, 2019, Pirtle submitted complaint GBCI-2019-8793 stating that he had received Marshmallow Mateys inside his meal that morning for Ramadan. Defs.' Proposed Findings of Fact ¶ 1, Dkt. No. 24. Pirtle noted in the complaint that gelatin is an animal-based product containing pork. *Id.* ¶ 2. Pirtle explained that, after he talked to the sergeant, the sergeant emailed the kitchen about the incident, and kitchen staff called and spoke with David Brooks. *Id.* Pirtle asserted that Brooks told him that gelatin is not animal based and that he would continue to receive the cereal. *Id.* Pirtle did not allege anywhere in the complaint that the cereal was served in retaliation for filing inmate complaints.

The Institution Complaint Examiner (ICE) spoke with Food Service Administrator Markee, who reviewed the ingredients for the two cereals provided during Ramadan and found they did not contain gelatin. *Id.* ¶ 3. On May 28, 2019, the ICE recommended dismissing the complaint. *Id.* The reviewing authority, Warden Pollard, dismissed the complaint on May 30, 2019. *Id.* ¶ 4. Pirtle appealed the dismissal to the Corrections Complaint Examiner (CCE) on June 11, 2019. *Id.* ¶ 5. The CCE contacted the DOC Dietetic Services Director, who reviewed the material and found that Marshmallow Mateys contains a gelatin made from a pork substance. As a result, the institution stopped serving the food item. *Id.* ¶ 6. The CCE recommended affirming the complaint and appeal on June 24, 2019. *Id.* ¶ 7. The Office of the Secretary affirmed the appeal on July 16, 2019. *Id.* ¶ 8.

---

[1] Because Pirtle failed to respond to Defendants' proposed findings of fact in accordance with Civil L.R. 56, those facts are deemed admitted for the purposes of summary judgment. *See* Civil L.R. 56(b)(4); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("We have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission.").

**LEGAL STANDARD**

Summary judgment is appropriate when the moving party shows that the is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party has the burden of showing that there are no facts to support the nonmoving party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotation marks omitted).

**ANALYSIS**

Defendants assert that the retaliation claim should be dismissed because Pirtle failed to exhaust his administrative remedies. The PLRA provides that a prisoner cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that a prisoner comply with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). A plaintiff's failure to properly exhaust each step of the process constitutes a failure to exhaust available administrative remedies. *Id*. The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general

circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 526, 532 (2002). The purpose of § 1997e(a) is to "permit the prison's administrative process to run its course before litigation begins." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (quoting *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005)); *see also Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

Wisconsin has implemented the Inmate Complaint Review System (ICRS) under which inmate grievances concerning prison conditions or the actions of prison officials are "expeditiously raised, investigated, and decided." Wis. Admin. Code § DOC 310.01. Under the ICRS, an inmate must file a complaint with the institutional complaint examiner (ICE) within 14 calendar days after the events giving rise to the complaint occur, unless good cause exists to excuse a delay. *Id.* § DOC 310.07(2). The ICE has the authority to return, investigate, or reject the complaint. *Id.* § DOC 310.10. The inmate may appeal the rejection of the complaint to the appropriate reviewing authority within 10 calendar days. *Id.* § DOC 310.10(10). The reviewing authority shall make a decision within 15 days following receipt of the recommendation or appeal of a rejected complaint. *Id.* § DOC 310.11(1). The reviewing authority's decision is final. An inmate may appeal the reviewing authority's decision within 14 days after the date of the decision by filing a typed or legibly printed request for review with the correction complaint examiner (CCE). *Id.* § DOC 310.12(1). After reviewing an appeal, the CCE recommends a decision to the Department of Corrections (DOC) Secretary, who adopts or rejects the recommendation. *Id.* §§ DOC 310.12; DOC 310.13. The failure to properly exhaust each step of the grievance process before filing a lawsuit constitutes a failure to exhaust administrative remedies. *Pozo*, 286 F.3d at 1025.

Defendants maintain that Pirtle failed to exhaust his available administrative remedies with respect to his retaliation claim because he did not pursue each step within the administrative

4

process before filing his lawsuit. Although Pirtle filed a complaint stating that he had received Marshmallow Mateys one morning during Ramadan, he did not state that the act was one of retaliation, nor did he file a separate complaint for retaliatory conduct. Pirtle concedes that he never filed an inmate grievance complaining of retaliation. Instead, he asserts that he did not file an inmate complaint about the retaliation because he did not learn of the retaliatory conduct until four months after the incident and that the complaint would have been late since it would have been made outside of the 14 days to file required by the ICRS. Pl.'s Reply to Defs.' Brief in Support of Motion for Partial Summary on Exhaustion Grounds, Dkt. No. 26 at 3. But Wis. Admin. Code § DOC 310.07 provides that, "at the discretion of the ICE, a late complaint may be accepted for good cause." Wis. Admin. Code § DOC 310.07(2). Here, Pirtle made no effort to file a late complaint once he discovered the alleged retaliation and request that the complaint be accepted for good cause based on the fact that he only recently discovered that Brooks served him cereal that contained pork-based gelatin in retaliation of his inmate complaints. Therefore, Pirtle failed to exhaust his administrative remedies as required. When the failure to exhaust is the prisoner's fault, his claim must be dismissed. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). Accordingly, the court will grant Defendants' motion for partial summary judgment.

## CONCLUSION

For these reasons, Defendants' motion for partial summary judgment on exhaustion grounds (Dkt. No. 22) is **GRANTED**. Pirtle's retaliation claim is dismissed. Dispositive motions must be filed within 30 days of the date of this order.

**SO ORDERED** at Green Bay, Wisconsin this 8th day of July, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge