UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CALVIN J. PIRTLE,

      Plaintiff,

  v.                          Case No. 19-C-1078

DAVE BROOKS, et al.,

      Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff Calvin J. Pirtle, who is serving a state prison sentence at Green Bay Correctional Institution and representing himself, filed this action alleging that Defendants Dave Brooks and Steve Schueler violated his First Amendment right to freedom of religion and his Fourteenth Amendment equal protection rights by serving him meals containing pork that did not satisfy the requirements of his Muslim faith and that Brooks served him cereal that contained pork-based gelatin in retaliation of his inmate complaints. On April 23, 2020, Defendants filed a motion for partial summary judgment, asserting that Plaintiff's retaliation claim must be dismissed because Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act. The court granted Defendants' motion for summary judgment on July 8, 2020, finding that Plaintiff did not exhaust his available administrative remedies regarding his retaliation claim. Dkt. No. 32.

This matter comes before the court on Plaintiff's motion for reconsideration. In his motion, Plaintiff asserts that he has now fully exhausted the administrative grievance process with respect to his retaliation claim. He attaches the complaint he filed with the inmate complaint examiner on

June 26, 2020, which was rejected on July 14, 2020, and his appeal, which was rejected on July 20, 2020. Plaintiff claims that Defendants' motion for partial summary judgment should now be denied as moot. A prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending. *See Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *see also* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted."). Because Plaintiff did not exhaust his administrative remedies regarding his retaliation claim before he filed this lawsuit, he cannot proceed on that claim in this case.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for reconsideration (Dkt. No. 33) is **DENIED**.

Dated at Green Bay, Wisconsin this 28th day of July, 2020.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge
