UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CALVIN J. PIRTLE,

        Plaintiff,

    v.                        Case No. 19-C-1078

DAVE BROOKS and
STEVE SCHUELER,

        Defendants.

## DECISION AND ORDER

      Plaintiff Calvin J. Pirtle, a Muslim who is currently serving a state prison sentence at Green Bay Correctional Institution (GBCI) and representing himself, filed this action alleging that Defendants Dave Brooks, the former GBCI Food Services Manager, and Steve Schueler, the former Deputy Warden, violated his constitutional rights. Pirtle asserts Brooks and Schueler violated his First Amendment right to freedom of religion and his Fourteenth Amendment equal protection rights by serving him with a general fare meal containing pork on November 15, 2018. Presently before the court is Defendants' motion for summary judgment. For the following reasons, Defendants' motion will be granted, and the case will be dismissed.

## BACKGROUND

      At all times relevant to this matter, Pirtle was incarcerated at GBCI. Defendant Brooks is currently employed by the Wisconsin Department of Corrections (DOC) as the Institution Librarian at GBCI but was employed as the Food Service Manager at GBCI during all times relevant to this matter. Defendant Schueler is a retired, former employee of the DOC and was the Deputy Warden at GBCI during all times relevant to this matter.

GBCI serves meals pursuant to the DOC Consolidated Menu plans which are carefully crafted to satisfy daily nutritional and caloric requirements at a volume of roughly 3,300 meals per day. Defs.' Proposed Findings of Fact (DPFOF) ¶¶ 4, 31, Dkt. No. 40. Weekly menus, developed specifically for appropriate daily nutritional and calorie needs, are generated and posted on the housing units approximately three days in advance. *Id.* ¶¶ 5, 30. GBCI's menus are created for a "general fare" diet and three religious diets. *Id.* ¶ 6. The Halal diet, which complies with Islamic dietary restrictions, including the absence of pork products, is available to Muslim inmates upon request and with approval by the Chaplain. *Id.* ¶¶ 9–10. Pirtle was approved for the Halal diet for a brief period from June 30, 2011, to August 31, 2011, and again beginning July 9, 2013. *Id.* ¶¶ 14–15; *see also* Dkt. No. 41-3. In 2016, Pirtle requested to be removed from the Halal diet. He was removed from the religious diet and placed on the general fare diet on February 26, 2016. DPFOF ¶ 15; *see also* Dkt. No. 41-3.

The DOC Consolidated Menu used by facilities does not include pork products in its rotation for general fare meals. However, the DOC Food Service Manual has a Pork Policy that allows Food Service to substitute an entrée from a meal on the DOC Consolidated Menu with a pork entrée. Brooks sought and obtained approval from Deputy Warden Schueler to add breaded pork chops to the November 15, 2018 lunch meal menu. *Id.* ¶ 20. Several days before the November 15, 2018 general fare meal was served, Pirtle sent a request to Brooks asking for a substitution tray for Muslims for that meal because it contained pork. Pl.'s Proposed Findings of Fact (PPFOF) ¶ 3, Dkt. No. 47. Although he does not recall Pirtle's request, Brooks acknowledges that he denied Pirtle a substitution tray and recommend that he self-select from the November 15, 2018, meal tray. DPFOF ¶ 25. Defendants assert that, due to concerns regarding resources and the effects of favoritism and safety, inmates cannot receive meal substitutions. *Id.* ¶¶ 27–33. The parties agree that, although the Pork Policy required that another protein item (i.e. hearty soup,

2

peanut butter or cheese) be included on the menu when the general fare meal was substituted to include a pork entrée, no substitute protein item was served for the lunch meal on November 15, 2018. Defs.' Resp. to Pl.'s Proposed Findings of Fact (PPFOF) ¶ 11, Dkt. No. 50.

Pirtle alleges that serving him pork in the general fare lunch meal, without substituting a protein item or providing an entirely new meal tray, in November 2018 and serving him Marshmallow Mateys, which contained a pork-based gelatin, for breakfast in May 2019 resulted in a violation of his First Amendment right to freedom of religion and his Fourteenth Amendment right to equal protection.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

**ANALYSIS**

**A. First Amendment Claim**

Pirtle alleges Defendants violated his First Amendment right to freedom of religion by serving him pork in November 2018 and Marshmallow Mateys that contained pork-based gelatin in May 2019. Defendants assert that Pirtle's First Amendment claim should be dismissed because Pirtle cannot show his practice of Islam was substantially burdened.

The First Amendment prohibits "the state from imposing a 'substantial burden' on a 'central religious belief or practice.'" *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013). But a prisoner's right to exercise religious freedom is not unfettered. *Tarpley v. Allen County, Indiana*, 312 F.3d 895, 899 (7th Cir. 2002). For Pirtle's First Amendment freedom of religion claim to survive summary judgment, he must show that Brooks and Schueler "personally and unjustifiably placed a *substantial* burden on his religious practices." *Thompson v. Holm*, 809 F.3d 376, 379 (7th Cir. 2016) (emphasis added). "A substantial burden 'puts substantial pressure on an adherent to modify his behavior and to violate his beliefs[;] [a] burden is unjustified if it is not reasonably related to a legitimate penological interest." *Id.* at 380 (citing *Turner*, 482 U.S. 78, 89–91). Although Pirtle is not proceeding on a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1, for completeness, the court will consider his claim under RLUIPA as well. RLUIPA prohibits prison officials from "imposing a substantial burden on the religious exercise of an inmate unless the government demonstrates that imposition of the burden on that person is the least restrictive means of furthering a compelling governmental interest." *Neely-Bey Tarik-El v. Conley*, 912 F.3d 989, 1004 (7th Cir. 2019) (citing 42 U.S.C. § 2000cc-1(a)) (internal quotation marks and alterations omitted).

Based on the record before the court, the two isolated meals Pirtle received that included pork or pork-based product out of the hundreds that Pirtle received during his time at the prison

4

does not amount to a substantial burden on his right to practice his religion. In *Rapier v. Harris*, 172 F.3d 999 (7th Cir. 1999), the Seventh Circuit affirmed the district court's decision granting summary judgment on a jail inmate plaintiff's claim that the jail's denial of his request for a pork-free meal on three separate occasions violated his free exercise rights. In so ruling, the court held:

> In this case, the unavailability of a non-pork tray for Mr. Rapier at 3 meals out of 810 does not constitute more than a de minimis burden on Mr. Rapier's free exercise of religion. Mr. Rapier has not alleged a routine or blanket practice of denying him pork-free meals. The jail's practice was to accommodate inmates' requests for non-pork meals when possible, and Mr. Rapier has presented no evidence that the absence of non-pork trays on those three occasions was caused by anything other than institutional shortage. Thus, the prison officials' failure to accommodate Mr. Rapier's standing request for non-pork meals on three isolated occasions does not give rise to liability for a constitutional violation.

*Id.* at 1006 n.4. Likewise in this case, the two isolated meals Pirtle received while on the general fare diet do not constitute a substantial burden on his free exercise rights. Pirtle chose to receive the general fare diet instead of requesting a religious diet that would accommodate his beliefs. As a result of that choice and the fact that any burden on the free exercise of his religion was de minimis, no reasonable juror could conclude that Defendants forced Pirtle to choose between necessary nutrition and religious practice. *Thompson*, 809 F.3d at 380. The conduct complained of violates neither the First Amendment nor RLUIPA. Accordingly, Pirtle's free exercise claim fails.

### B. Fourteenth Amendment Claim

Pirtle additionally claims that Defendants violated his Fourteenth Amendment equal protection rights because he was not afforded a complete diet on two separate occasions. To establish a violation of his equal protection rights, Pirtle must show that Defendants intentionally treated members of his class less favorably than prisoners not in that class but who are similarly situated. *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). Discrimination made based on religion violates the Equal Protection Clause of the Fourteenth Amendment unless it is narrowly

5

tailored to serve a compelling state interest. *Id.* Pirtle has presented no evidence that Defendants treated him or members of his class differently than other similarly situated inmates. Defendants did not act discriminatorily in denying Pirtle's request for a protein substitute. Rather, Brooks denied Pirtle's request to substitute a single meal in accordance with the DOC Religious Diets policy, which prohibits single meal substitutions for inmates who receive the general fare meal. Pirtle has not shown that denying him a substitute meal tray on November 15, 2018, was anything other than evenhanded application of a policy that applies to all GBCI inmates. Although Pirtle asserts that Defendants violated his equal protection rights when they failed to follow the DOC's Pork Policy and provide him with a substitute protein, a failure to follow a prison policy does not constitute a constitutional violation. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003); *Estate of Simpson v. Gorbett*, 863 F.3d 740, 746 (7th Cir. 2017). Pirtle has not established a violation of his Fourteenth Amendment rights. Accordingly, Defendants' motion for summary judgment regarding Pirtle's Fourteenth Amendment claim will be granted.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is **GRANTED**. The case is dismissed. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 26th day of October, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
